IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA RC

ORIOL PAVON

CASE NO: 8:05CV566T17 MAP

Plaintiff,

ZMC HOTELS, INC d/b/a
HAMPTON INN

Defendant.

______________________________/

05 MAR 24 PM 3:19
CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

FILED

**COMPLAINT**

COMES NOW the Plaintiff, ORIOL PAVON, by and through his undersigned counsel, and sues the Defendant, ZMC HOTELS, INC. d/b/a HAMPTON INN (hereinafter referred to as "Hampton Inn") and for his cause of action, states the following:

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1343 for plaintiffs' claims arising under the Americans with Disabilities Act ("ADA"),42 U.S.C. §§ 12181, et seq., Declaratory Judgment Act, 28 U.S.C. §2201, and supplemental claims jurisdiction pursuant to 28 U.S.C. § 1367.

2. Defendant, ZMC HOTELS, INC. d/b/a HAMPTON INN is a Minnesota Corporation licensed to do and doing business in Hillsborough County, Florida. At all times material herein, Hampton Inn owns and/or operates the hotel located at 4817 West Laurel Street, in Tampa, Florida, 33607.

3. Plaintiff, ORIOL PAVON, (hereinafter "PAVON") is a person who is deaf. Accordingly, PAVON is a qualified individual with disabilities under the

TØ31703
$350

Americans with Disabilities Act.

4. PAVON called Defendant to make reservations at Hampton Inn's hotel (hereinafter "HOTEL") using a telephone relay service for the deaf to make reservations at the HOTEL from October 31, 2003 to November 2, 2003. When PAVON made the reservation, he advised them that he was deaf and required an ADA kit.

5. An ADA kit customarily refers to a TTY/TDD, strobe door-bell, fire alarm and alarm clock.

6. Upon arriving at the hotel, PAVON requested the ADA kit, and was told by the employee at the front desk that they did not have one, but would speak to the manager and to come back later.

7. PAVON came back again the same night and was told that they had nothing for him.

8. PAVON spoke to another front desk attendant, that same night, and was told that they had no ADA kit, and would look into getting him one the next day.

9. The next morning, PAVON was told that the hotel was not able to find an ADA kit.

10. PAVON asked approximately three other times, and was told the same answer.

11. PAVON was denied his equal use and enjoyment of the hotel by the denial of all auxiliary aids and services to the deaf or hard of hearing.

12. PAVON would return to the hotel in the near future if provided proper auxiliary aids and services.

13. Defendant owns approximately forty hotels in the United States.

14. On May 24, 2004, Plaintiff timely filed a Public Accommodation Charge of Discrimination with the Florida Commission on Human Relations based upon the Florida Civil Rights Act of 1992, §§ 760.01-760.11 and §509.092, Fla. Stat. On January 12, 2005, the Florida Commission on Human Relations investigated said incident for over 180 days, and dismissed said case so Plaintiff could file a case in a court of competent jurisdiction, pursuant to Fla. Stat. 760.11(8). Such determination satisfies any condition precedent for bringing this action.

15. Any other conditions precedent to the filing of this action has been completed, or have been waived.

**COUNT I - Violation of the Americans with Disabilities Act of 1990**

16. Plaintiff restates paragraphs one through 15 as if alleged herein.

17. The Hampton Inn is a public accommodation pursuant to 42 U.S.C. 12181.

18. Plaintiff has been discriminated against on the basis of his disability in the full and equal enjoyment of the services and facilities of the Defendant herein.

19. Public accommodations, such as Hampton Inn, are required to take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

20. Defendant violated the Americans with Disabilities Act by failing to have the required number of sleeping accommodations for persons with disabilities,

with visual alarms, notification devices, and TTY/TTD telephones, pursuant to Americans with Disabilities Act Accessibility Guidelines (ADAAG), § 9.1.3.

21. Pursuant to ADAAG § 9.3.1, Defendant has failed to provide auxiliary visual alarms and visual notification devices to alert room occupants of incoming telephone calls and a door knock or bell.

22. Providing an ADA kit would, in no way, fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significantly difficulty or expensive, on the Defendant.

23. Public accommodations, such as Hampton Inn, shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities.

24. A public accommodation, such as Hampton Inn, that offers a customer, client, patient, or participant the opportunity to make outgoing telephone calls on more than an incidental convenience basis shall make available, upon request, a TDD for the use of an individual who has impaired hearing or a communication disorder.

25. A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities.

26. Defendant Hampton Inn had prior knowledge of the hearing impairment of Plaintiff, and in reckless disregard of his rights, failed to provide any

auxiliary aids or devices for the entire duration of his stay at the hotel.

27. Plaintiff has retained the services of The Law Offices of Matthew W. Dietz, P.L., and has agreed to pay them a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred in this action, Plaintiff is entitled to recover those attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

28. Pursuant to 42 U.S.C. 12188(a), this court is provided authority to grant Plaintiff permanent injunctive relief, including modification of policies and prohibiting such discrimination throughout all of Defendant's hotels.

WHEREFORE, the Plaintiff respectfully requests the Court to declare that the actions of the Defendant violated the Americans with Disabilities Act, issue a permanent injunction enjoining the Defendant from continuing its discriminatory policies and practices at any of its hotels, and award Plaintiff his attorney's fees, costs, and expenses incurred in this action.

**Count II - Violation of The Florida Civil Rights Act**

29. Plaintiff restates paragraphs one through 15 and 17 through 26 as if alleged herein.

30. Defendant's hotel, is a public lodging establishment pursuant to the definitions in Florida Statute § 509.013, and § 760.02(11)(a).

31. Pursuant to Florida Statute § 509.092, such an establishment may not refuse accommodations due to a customers physical disability, as follows:

> Public lodging establishments and public food service establishments are private enterprises, and the operator has the right to refuse accommodations or service to any person who is objectionable or undesirable to the operator, but such refusal may not be based upon race, creed, color, sex,

> physical disability, or national origin.
>
> A person aggrieved by a violation of this section or a violation of a rule adopted under this section has a right of action pursuant to s. 760.11.

32. Pursuant to Florida Statute § 760.08, such an establishment may not discriminate against a person due to a customers physical disability.

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this chapter, without discrimination or segregation on the ground of race, color, national origin, sex, handicap, familial status, or religion.

33. Courts construe the Florida Civil Rights Act in conformity with the federal Americans with Disabilities Act and apply federal case law when dealing with such claims.

34. The Plaintiff has retained the services of The Law Offices of Matthew W. Dietz, P.L., and has agreed to pay them a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and expenses from Defendant pursuant to Florida Statute § 760.11(5).

35. Pursuant to Florida Statute § 760.11(5), the court may issue an order prohibiting the discriminatory practice and provide affirmative relief, such as compensatory damages, damages for mental suffering, anguish, loss of dignity, and any other intangible injuries, and punitive damages.

**WHEREFORE**, the Plaintiff respectfully requests the Court issue a permanent injunction

enjoining the Defendant from continuing its discriminatory policies and practices, and demand compensatory damages, damages for mental suffering, anguish, loss of dignity, and any other intangible injuries, punitive damages, and an award for Plaintiff's attorney's fees, costs, and expenses incurred

**PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL ISSUES FOR ALL ISSUES FOR WHICH A TRIAL BY JURY IS PERMITTED.**

Dated this 22 day of March, 2005

LAW OFFICES OF MATTHEW W. DIETZ, P.L.
999 Ponce De Leon Blvd. Ste 735
Coral Gables, Florida 33134
Phone (305) 669-2822
Facsimile (305) 442-4181
E-Mail: matthewdietz@usdisabilitylaw.com

MATTHEW W. DIETZ, ESQUIRE
FL. BAR NO.: 0084905