# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ORIOL PAVON,

    Plaintiff,

vs.                                    CASE NO.: 8:05-CV-566-T-17-MAP

ZMC HOTELS, INC.,
d/b/a HAMPTON INN,

    Defendant.

_____ /

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

    This cause is before the Court pursuant to Plaintiff, Oriol Pavon's, Motion to Strike (Docket No. 24), filed April 11, 2006.

## BACKGROUND

    On March 24, 2005, the plaintiff filed a complaint against the defendant, ZMC Hotels, Inc, d/b/a Hampton Inn, setting forth two causes of action. Count I of the complaint alleged a violation of the American Disabilities Act of 1990 (Docket No. 1). Count II of the complaint alleged a violation of the Florida Civil Rights Act (Docket No. 1). The plaintiff filed a motion for partial summary judgment on both causes of action to this Court (Docket No. 10). Before this Court entered an order on the plaintiff's motion for partial summary judgment (Docket No. 10), the plaintiff filed a notice of mootness on Count I of the complaint (Docket No. 19). This Court accordingly denied Count I of the complaint as moot (Docket No. 20). However, this Court deferred as to Count II, the state claim, and allowed the plaintiff five days to "file a limited brief, no more than five (5) pages, on the question of why the Court should retain the remainder of the cause of action under pendant jurisdiction (Docket No. 20)." This Court also instructed the defendant to "file a responsive brief of no more than five pages." (Docket No. 20)

    The defendant submitted a response to this Court that was five pages (Docket No. 23). However, the response was one-and-one-half spaced rather than double spaced (Docket No. 23) and, thus, was in violation of Local Rule 1.05(a). Had the response been

**CASE NO.: 8:05-CV-566-T-17-MAP**

double spaced, it would have exceeded our five page limitation. The plaintiff now moves to strike the defendant's response (Docket No. 24).

## DISCUSSION

**Local Rule 1.05(a)** states, in pertinent part: "All pleadings, motions, briefs, applications and orders tendered by counsel for filing shall be typewritten, *double spaced*, in at least a 12 point type...." (emphasis added). When compliance with the Local Rules is not in the interest of justice, a court can suspend application of the Local Rules. *See* Local Rule 1.01(c) (1998).

This Court would like to remind the parties that we are serious when we impose filing limitations. Such egregious disregard of our limitations will no longer be tolerated for the remainder of this matter. Future violations of limitations imposed by this Court and of the Local Rules will result in sanctions. However, in the interests of justice it is appropriate here to allow the response to stand and to consider the issue on its merits. Accordingly, it is

**ORDERED** that the plaintiff's motion to strike (Docket No. 24) be **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on the 8th day of June, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

CC: All parties and counsel of record