# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ORIOL PAVON,

    Plaintiff,

vs.                                          CASE NO.: 8:05-CV-566-T-17-MAP

ZMC HOTELS, INC.,
d/b/a HAMPTON INN,

    Defendant.
_____/

## ORDER ON JURISDICTION

    This cause is before the Court pursuant to Plaintiff, Oriol Pavon's, Motion for Partial Summary Judgment (Docket No. 10), filed December 14, 2005; this Court's Order on Motion for Summary Judgment (Docket No. 20), filed March 30, 2006; the Plaintiff's Memorandum of Law Regarding Jurisdictional Issues (Docket No. 21), filed April 4, 2006; and the Defendant's Amended Memorandum of Law Regarding Jurisdictional Issues (Docket No. 23), filed April 11, 2006.

## BACKGROUND

    On March 24, 2005, the plaintiff filed a complaint against the defendant, ZMC Hotels, Inc, d/b/a Hampton Inn, setting forth two causes of action.  Count I of the complaint alleged a violation of the American Disabilities Act of 1990 (Docket No. 1). Count II of the complaint alleged a violation of the Florida Civil Rights Act (Docket No. 1).  The plaintiff filed a motion for partial summary judgment on both causes of action to this Court (Docket No. 10).  Before this Court entered an order on the plaintiff's motion for partial summary judgment (Docket No. 10), the plaintiff filed a notice of mootness on Count I of the complaint (Docket No. 19).  This Court accordingly dismissed Count I of the complaint, the federal claim, as moot (Docket No. 20).  However, this Court deferred as to Count II, the state claim, and allowed the parties to file briefs on why this Court should retain the remainder of the cause of action under pendant jurisdiction (Docket No. 20).

## DISCUSSION

**I.     DIVERSITY JURISDICTION**

The plaintiff first asserts that this Court has jurisdiction under 28 U.S.C. § 1332. Specifically, the plaintiff asserts that the parties are diverse and that his claim under the Florida Civil Rights Act exceeds $75,000.00, as it contains an entitlement to compensatory damages, punitive damages, and attorneys fees and costs for the intentional discrimination he faced. The plaintiff properly notes that punitive damages may be included in determining the amount in controversy requirements if they are recoverable under the governing law. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238 (1943). Additionally, attorney fees may be included in meeting the amount in controversy requirement where the governing law allows. *See Missouri State Life Insurance Co. v. Jones*, 290 U.S. 199 (1933); *Journal Publishing Co v. General Casualty Co.*, 210 F. 2d 202 (9th Cir. 1954).

Generally when no specific amount has been plead, as is the case here, courts are not to speculate about the amount of damages. *Lindsey v. Alabama Telephone Co.*, 576 F. 2d 593, 595 (5th Cir. 1978). However, where "the amount in controversy requirement can be reached only through wild speculation" this Court has declined diversity jurisdiction. *Fennell v. Ohio Cas. Ins. Co.*, 1993 W.L. 125961 (M.D. Fla. 1993) (citing *Locklear v. State Farm Mutual Automobile Ins. Co.*, 742 F. Supp. 679, 680 (S.D. Ga. 1989); (*Fulham v. Allstate Indem. Co.*, 1998 W.L. 160852 (M.D. Fla. 1998). Here, the plaintiff, in his amended complaint, has not plead a specific amount for punitive damages or attorney's fees (Docket No. 21-2). Given the little amount of compensatory damages the plaintiff could recover for his claim, only through wild speculation could the total recoverable amount exceed $75,000.00. Therefore, we find that the plaintiff does not meet the minimum amount in controversy required for diversity jurisdiction.

**II.    SUPPLEMENTAL JURISDICTION**

The plaintiff also contends that we should retain the state claim under the doctrine of supplemental jurisdiction (Docket No. 21). Supplemental jurisdiction permits the court to hear state claims in federal cases provided that the state law claims "form part of the same case or controversy" as the federal claims." 28 U.S.C. § 1367(a) (2005).

Pursuant to 28 U.S.C. § 1367(c), a District Court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it had original jurisdiction."

We accepted the plaintiff's notice of mootness on the federal claim (Docket No. 20). The only claim remaining is the alleged violation of the Florida Civil Rights Act, a state law claim. In deciding whether to continue exercise of supplemental jurisdiction over state claims after all federal claims have been dismissed, the district judge should "take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Crosby v. Paulk*, 187 F. 3d 1339, 1351 (11th Cir. 1999) (citing *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F. 3d 249, 257 (1st Cir. 1996)). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1998) (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726-27 (1966)).

We are still in the pre-trial stages of this action. In addition, the "state courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat. Bank of Gainesville*, 117 F. 3d 1342, 1352 (11th Cir. 1997) (citing *Hardy v. Birmingham Bd. of Educ.*, 954 F. 2d 1546, 1553 (11th Cir. 1992)). The remaining state law action under the Florida Civil Rights Act is best resolved by the Florida courts since it depends on determinations of state law. Therefore, taking into account concerns of comity, judicial economy, fairness, and convenience, we decline to exercise supplemental jurisdiction over the state law claim.

In accordance with 28 U.S.C. § 1367(d), if there is a statute of limitations that would otherwise bar the plaintiff's state claim, it should be tolled for at least thirty (30) days so the plaintiff can bring the action in state court. Accordingly, it is

CASE NO.: 8:05-CV-566-T-17-MAP

**ORDERED** that the action is **dismissed without prejudice** for lack of jurisdiction.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on the 27th day of June, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

CC: All parties and counsel of record

4